Brian A. Cabianca (AZ Bar No. 016410)
brian.cabianca@squirepb.com
Gregory T. Saetrum (AZ Bar No. 030797)
gregory.saetrum@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
2325 E. Camelback Road, Suite 700
Phoenix, Arizona 85016
Telephone: (602) 528-4000
Facsimile: (602) 253-8129

*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew James McGonigle, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Bridgecrest Acceptance Corporation,<br><br>Defendant. | No. 2:26-cv-01036-DWL<br><br>**MOTION TO DISMISS COMPLAINT**<br><br>(Oral Argument Requested)<br><br>(Assigned to the Honorable Dominic W. Lanza) |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Bridgecrest Acceptance Corporation moves to dismiss Plaintiff's Complaint for failure to state a claim.

## **Introduction**

Plaintiff Andrew McGonigle is a professional plaintiff who, since 2024, has filed over thirty putative class action lawsuits under the Telephone Consumer Protection Act ("TCPA"). Indeed, in the two months since Plaintiff initiated this action, Plaintiff has filed two additional putative TCPA class actions. *See McGonigle v. I.C. System, Inc.*, Case No. 1:26-CV-00719 (E.D. Va.); *McGonigle v. Dom Stores, LLC*, Case No. 1:26-CV-00869 (E.D. Va.). Not one of Plaintiff's TCPA actions has reached a judgment on the merits.

-1-

In the case before this Court, Plaintiff's Complaint asserts a single claim for violation of Section 227(b)(1)(A)(iii) of the TCPA based on three calls placed on December 6, 2024, January 20, 2025, and February 17, 2025.  [Compl. ¶ 13.]  An essential element of Plaintiff's claim under Section 227(b)(1)(A)(iii) is the use of an "artificial or prerecorded voice" during these calls.  [Compl. ¶¶ 59-61]; 47 U.S.C. § 227(b)(1)(A)(iii).

Plaintiff's Complaint, however, fails to support a plausible inference that Bridgecrest used a prerecorded or artificial voice during the calls at issue.  [*Infra* pp. 5-7.]  Two of the three calls at issue — the December 6, 2024 and February 17, 2025 calls — are addressed in the Complaint with nothing more than the allegation that the calls took place.  [Compl. ¶ 13.]  Plaintiff does not describe the contents of the calls or provide supporting factual allegations sufficient to plausibly allege that these calls utilized an artificial or prerecorded voice.  [*See generally id.*]  As for the third call, placed on January 20, 2025, Plaintiff's claim is premised on the unsupported and unwarranted inference that Bridgecrest used a prerecorded message during the call.  [*Infra* pp. 6-7.]

Each of the three calls at issue was recorded and, as the calls form the basis of the Complaint, these call recordings may be considered on a motion to dismiss.  *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (materials are incorporated into and become part of the Complaint if the material "forms the basis of the plaintiff's claim"); *infra* pp. 3-5.  The call recordings make plain that the unsubstantiated inference underlying Plaintiff's Complaint — that Bridgecrest used a prerecorded voice during those calls — is implausible.  *See Knievel v. ESPN,* 393 F.3d 1068, 1077-79 (9th Cir. 2005) (dismissing complaint after considering materials central to the plaintiff's claim because the plaintiff's characterization of the materials was not plausible).

Specifically, as reflected in the call recordings, Plaintiff did not answer the calls on December 6, 2024 or February 17, 2025, and the calls were terminated without any message being left.  [December 6, 2024 Call Recording, Ex. A; February 17, 2025 Call Recording, Ex. C.]  And the January 20, 2025 call recording reflects a live interaction

between Plaintiff and a Bridgecrest representative — not a prerecorded call. [January 20, 2025 Call Recording, Ex. B ("Plaintiff: "Hello." Bridgecrest Agent: "uh yes, Eleanor uh um Nettles?" Plaintiff: "Wrong number." Bridgecrest Agent: "Thank you." [End of call]).]

Listening to the calls referenced in the Complaint negates any reasonable inference that Bridgecrest used an artificial or prerecorded voice in connection with the calls at issue. As such, Plaintiff's Complaint fails to state a claim for relief and should be dismissed. *Moledina v. Marriott Int'l, Inc.,* 635 F. Supp. 3d 941, 951-53 (C.D. Cal. 2022) (dismissing complaint after reviewing call recording that was central to plaintiff's claim and determining that allegations relating to the call were not plausible).

### Argument

I. **Plaintiff's Complaint Fails to State a Claim.**

    a. **The Call Recordings Are Incorporated into the Complaint.**

As explained by the United States Supreme Court, in evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the inquiry is whether "*all* of the facts" before the Court state a plausible claim. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (emphasis in original). This includes materials incorporated into the complaint. *Id*.; *Moledina,* 635 F. Supp. 3d at 951 (holding that a call recording referenced in and central to the plaintiff's complaint was incorporated therein).

Materials are incorporated into and become part of the complaint if (1) the plaintiff "refers extensively" to the material, or (2) the material "forms the basis of the plaintiff's claim." *Ritchie*, 342 F.3d at 908; *Moledina,* 635 F. Supp. 3d at 951. If either of these criteria are met, such materials become part of the complaint, and a court may consider them in ruling on a motion to dismiss without converting it into a motion for summary judgment. *Fed. Trade Comm'n v. Grand Canyon Educ., Inc.*, 745 F. Supp. 3d 803, 821 n.6 (D. Ariz. 2024) (explaining that a court may "'consider certain materials,' including 'documents incorporated by reference in the complaint,' 'without converting

-3-

the motion to dismiss into a motion for summary judgment'") (citation omitted); *Hillery v. Georgie Boy Mfg.*, Inc., 341 F. Supp. 2d 1112, 1114 (D. Ariz. 2004).

The consideration of such materials is vital to a full and fair evaluation of a complaint.  Otherwise, "complaints that quoted only selected and misleading portions of" materials referenced in a complaint "could not be dismissed ... even though they would be doomed to failure." *In re Silicon Graphics, Inc. Sec. Litig.*, 970 F. Supp. 746, 758 (N.D. Cal. 1997) (citations omitted).  And "[f]oreclosing resort to such documents might lead to complaints filed solely to extract nuisance settlements." *Id.*

As such, recordings of calls and transcripts of calls that are referenced in a complaint or that form the basis of a plaintiff's claims may be considered on a motion to dismiss.  *See, e.g.*, *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (holding that a deposition transcript and affidavit were properly considered in ruling on a motion to dismiss because they were "expressly mentioned in the amended complaint").  For example, in *Moledina v. Marriott International, Inc.*, the plaintiff alleged that the defendant unlawfully recorded a telephone call without the plaintiff's consent. 635 F. Supp. 3d 941, 943 (C.D. Cal. 2022).  The Court held that "the recording itself [was] integral to Plaintiff's claims," and thus incorporated into the complaint.  *Id.* at 953.  After reviewing the recording, the Court held it was not plausible that the plaintiff did not know his call was being recorded and dismissed plaintiff's complaint at the pleading stage.  *Id.*

Similarly, in *Hoffman v. Cenlar Agency, Inc.*, the Court held that an "audio copy and transcript of the recording [were] integral to [the] plaintiff's claims," and referenced in the complaint such that the Court would "review the transcript and recording in considering defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." 2013 WL 1285126, at *2 (S.D. Cal. Mar. 27, 2013).  And, as another example, in *Ewing v. US Healthcare Supply, LLC, et al.*, the Court overruled the plaintiff's objection to considering the recording of a call and related call transcript because the plaintiff "specifically references and relies on the November 29th call transcript as the

-4-

basis of his claims against Defendants." 2021 WL 4358508, at *3 n.1 (S.D. Cal. Sept. 24, 2021).

Here, Plaintiff's Complaint repeatedly refers to the three calls he allegedly received from Bridgecrest. [*See generally* Compl.] Among other things, Plaintiff makes references to the date of each call (Compl. ¶ 13), the intended recipient of the call (Compl ¶ 21), the maker of the call (Compl. ¶ 13), and the content of the January 20, 2025 call (Compl. ¶ 16). As the Complaint makes clear, the calls are not mere background or solely the basis of an affirmative defense — the calls form the basis of Plaintiff's lawsuit against Bridgecrest. And Plaintiff's Complaint rests on the legal conclusion that "Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number." [Compl. ¶ 60.] Without the artificial or prerecorded calls, there is no claim. The calls are central to the Complaint and thus the recordings of those calls may be considered on a motion to dismiss. *See, e.g.*, *Moledina*, 635 F. Supp. 3d at 951-52; *Hoffman*, 2013 WL 1285126 at *2.

### b. Plaintiff's Complaint, Including the Calls Referenced in the Complaint, Fails to State a Claim.

In evaluating a complaint, a court does not accept as true allegations relating to materials incorporated into the complaint or otherwise properly before the court. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001) ("The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit."). Instead, a court evaluates the materials itself and assesses whether the plaintiff's characterization of the materials is plausible. *Knievel*, 393 F.3d at 1077-78 (incorporating materials surrounding an allegedly defamatory statement and holding that, in light of the incorporated materials, the materials "cannot be reasonably interpreted" as defamatory); *Moledina*, 635 F. Supp. 3d at 953 (incorporating a call central to the

complaint and holding, after considering incorporated materials, that plaintiff failed to plead a plausible claim).

Here, Plaintiff's Complaint asserts a single claim under Section 227(b)(1)(A)(iii) of the TCPA based on calls made on December 6, 2024, January 20, 2025, and February 17, 2025.  [Compl. ¶¶ 13, 59-61.]  Plaintiff's claim is dependent on an inference that the calls were made using "an artificial or prerecorded voice."  47 U.S.C. § 227(b)(1)(A)(iii).

With respect to the December 6, 2024 and February 17, 2025 calls, however, Plaintiff's Complaint pleads only that Bridgecrest placed calls to Plaintiff on those dates.  [Compl. ¶ 13.]  Plaintiff does not describe the contents of the calls, assert that he answered the calls, or include any other well-pled factual allegations regarding the calls.  [*See generally* Compl.]  Plaintiff's Complaint is thus insufficient to state a claim based on the December 6, 2024 and February 17, 2025 calls on its face.  *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (A complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."); *Sprewell,* 266 F.3d at 988 (explaining that a court does not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

Further, the recordings of those December 6 and February 17 calls foreclose any plausible inference that a prerecorded voice was used.  As reflected in the call recordings, Plaintiff did not answer the December 6, 2024 or February 17, 2025 calls, and Bridgecrest terminated those calls without leaving a message.  [December 6, 2024 Call, Ex. A; February 17, 2025 Call Recording, Ex. C.]  The calls thus provide no basis from which the Court can plausibly infer the use of an artificial or prerecorded message.

Similarly, with respect to the January 20, 2025 call, the Complaint relies on an unwarranted inference that the call used a "prerecorded" message that is not supported by the call recording.  *Davis v. Rockloans Marketplace, LLC*, 2024 WL 4896587, at *2 (S.D. Cal. Nov. 26, 2024) (dismissing TCPA complaint because the plaintiff failed to alleged facts plausibly demonstrating the use of an artificial or recorded voice, such as "the lack of human response when [plaintiff] attempted to have a conversation"); *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . .").

Indeed, the January 20, 2025 call recording demonstrates that Plaintiff's inference cannot be sustained.  The entirety of January 20, 2025 call is as follows:

Plaintiff: "Hello."

Bridgecrest Agent: "uh yes, Eleanor uh um Nettles?"

Plaintiff: "Wrong number."

Bridgecrest Agent: "Thank you."

[End of call].

[January 20, 2025 Call Recording, Ex. B.]

The actual call involved a Bridgecrest agent stumbling over a name and using the phrase "uh um," before having a very brief conversation with Plaintiff.  [January 20, 2025 Call Recording, Ex. B.]; *cf. Davis*, 2024 WL 4896587 at *2 (describing a common indicator of a prerecorded call as "the lack of human response when [the plaintiff] attempted to have a conversation with the person calling him"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (explaining that courts draw on their "judicial experience and common sense" in evaluating whether a complaint states a plausible claim).

Plaintiff's purported inference, that the January 20, 2025 call was pre-recorded, is implausible, unwarranted, and does not support a legitimate claim.  *See Sprewell,* 266 F.3d at 988 (explaining that a court does not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences"); *Moledina*, 635 F. Supp. 3d at 953 (dismissing claim based on allegations that were not plausibly compatible with materials incorporated by reference into the complaint); *Hoffman*, 2013 WL 1285126 at *2-4 (same); *Knievel*, 393 F.3d at 1077-78 (rejecting characterization that was contrary to materials incorporated into the complaint).  Plaintiff's allegations cannot support a legitimate claim, and accordingly the Complaint should thus be dismissed.

## Conclusion

For the foregoing reasons, Bridgecrest respectfully requests that the Court dismiss Plaintiff's individual claim with prejudice and Plaintiff's class claim without prejudice.

RESPECTFULLY SUBMITTED this 8th day of April, 2026.

/s/ Brian A. Cabianca
Brian A. Cabianca
Gregory T. Saetrum
SQUIRE PATTON BOGGS (US) LLP
2325 E. Camelback Road, Suite 700
Phoenix, Arizona 85016
Telephone:   (602) 528-4000
Facsimile:    (602) 253-8129
*Attorneys for Defendant*

-8-

## MEET AND CONFER CERTIFICATION

Pursuant to the Court's Preliminary Order and Local Rule 12(c), undersigned counsel certifies that, prior to filing this motion, Defendant's counsel informed Plaintiff's counsel of the issues asserted in its motion and but the parties were unable to resolve the dispute.

/s/ Brian A. Cabianca
Brian A. Cabianca
Gregory T. Saetrum
SQUIRE PATTON BOGGS (US) LLP
2325 E. Camelback Road, Suite 700
Phoenix, Arizona 85016
Telephone:    (602) 528-4000
Facsimile:    (602) 253-8129
*Attorneys for Defendant*